```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF OHIO
                  EASTERN DIVISION
```

**MINISTER SCOTT DAILEY,** *et al.,*

    **Plaintiffs,**

    vs.                              **Civil Action 2:10-cv-517**
                                             **Judge Smith**
                                             **Magistrate Judge King**

**CHASE MORTGAGE COMPANY,** *et al.,*

    **Defendants.**

## OPINION and ORDER

Plaintiffs, who are proceeding without the assistance of counsel, bring this action challenging their eviction from their residence, ordered as part of state court foreclosure proceedings. Named as defendants are Chase Mortgage Company and the Franklin County Court of Common Pleas. *Complaint*, attached to Doc. No. 1; *Amended Complaint*, Doc. No. 5. On June 7, 2010, the United States Magistrate Judge recommended that the action be dismissed for failure to allege subject matter jurisdiction as required by Rule 8(a) of the Federal Rules of Civil Procedure. *Initial Screening Report and Recommendation*, Doc. No. 3. This matter is now before the Court on plaintiffs' objections to that *Report and Recommendation*, which the Court will consider *de novo*. *See* 28 U.S.C. §636(b); Fed. R. Civ. P. 72.

In their objections, Doc. No. 4, plaintiffs expressly invoke the Court's federal question jurisdiction, 28 U.S.C. §1331, and allege that they "were never heard in Franklin County Court. Plaintiffs allege a [v]iolation of the United States Constitution 14th Amendment. This suit is an Original Action." *Objection*, p. 3, Doc. No. 4. Plaintiffs have also filed an amended complaint in which they assert claims of "misfeasance," "retaliation per R.C. 5321.02," "nonfeasance," "passive

negligence," "unjust enrichment," "abuse of process" and "color of law - misuse of power" against the two named defendants. *Amended Complaint*, Doc. No. 5.  The *Amended Complaint* seeks recovery of damages.

This Court agrees with the Magistrate Judge that this action, regardless of plaintiffs' characterization of their claims, reflects a challenge to actions taken in the state court foreclosure action.  As the Magistrate Judge noted, however, this Court lacks jurisdiction to entertain that challenge.  *See Exxon Mobil Corp. v. Saudi Basic Inds. Corp.*, 544 U.S. 280, 284 (2005); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  To the extent that plaintiffs disagree with any aspect of the state court proceedings, their sole remedy is to pursue an appeal from the actions taken in those proceedings.

Accordingly, plaintiffs' objections to the *Report and Recommendation*, Doc. No. 4, are **DENIED**.  The *Report and Recommendation* is **ADOPTED and AFFIRMED**.  This action is hereby **DISMISSED** for lack of subject matter jurisdiction.

The Clerk shall enter **FINAL JUDGMENT**.  Moreover, the Court concludes that an appeal from the final judgment would not be taken in good faith.  *See* 28 U.S.C. §1915(a).

> *s/George C. Smith*
> **George C. Smith, Judge**
> **United States District Court**

2